UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>ALEX NAIN SAAB MORAN, )<br>)<br>Defendant-Appellant. )<br>_____ | No. 23-10066-SS<br>No. 1:19-cr-20450-RNS (S.D. Fla.) |

# JOINT RESPONSE TO COURT ORDER AND INCORPORATED JOINT MOTION TO DISMISS APPEAL AS MOOT

# CERTIFICATE OF INTERESTED PERSONS AND DISCLOSURE STATEMENT

*United States v. Alex Nain Saab Moran,* No. 23-10066-SS

In compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-3, the United States, through undersigned counsel, hereby certifies that the following persons and entities may have an interest in the outcome of this case:

Argentieri, Nicole M.

Baker Hostetler LLP

Barr, Jonathan R.

Bell, Henry Philip

Bell Rosquete Reyes Esteban, PLLC

Bolivarian Republic of Venezuela

Casey, Lee A.

Comisión de Administración de Divisas (Commission for the Administration of Currency Exchange)

Foley, Elizabeth P.

Gonzalez, Juan Antonio

Guardia Nacional Bolivariana de Venezuela (Bolivarian National Guard of Venezuela)

Keown, Lindy K.

Knudsen, Renee M.

Kramer, Alexander J.

Lapointe, Markenzy

Lorence, Jenna M.

Lunkenheimer, Kurt K.

Miranda, Annika M.

Miller, Lisa H.

Nadler, Michael Brian

New, Jonathan

Polite, Kenneth A.

Raile, Richard B.

Rivkin Jr., David B.

Romano, John A.

Saab Moran, Alex Nain

Sanders, Jeremy R.

Schuster, Joseph Michael

Schuster, Neil M.

Scola, Jr., Robert N., United States District Court Judge

Servicio Nacional Intergrado de Administración Aduanera y Tributaria (National Integrated Service for the Administration of Customs Duties and Taxes)

Smachetti, Emily M.

Sombuntham, Nalina

Stumphauzer Kolaya Nadler & Solman, PLLC

Vargas, Alvero Pulido

Wangsgard, Kendall

The United States is not aware of any publicly-traded company or corporation with an interest in the outcome of this case or appeal.

In compliance with Fed. R. App. P. 26.1(b), the Government's position is that there are no statutory victims of the offenses alleged in the indictment.

*/s/ Jeremy R. Sanders*
Jeremy R. Sanders
Appellate Counsel
Fraud Section, Criminal Division
U.S. Department of Justice

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 23-10066-SS |
| ) | No. 1:19-cr-20450-RNS (S.D. Fla.) |
| ALEX NAIN SAAB MORAN, ) | |
| ) | |
| Defendant-Appellant. ) | |

**JOINT RESPONSE TO COURT ORDER AND INCORPORATED JOINT MOTION TO DISMISS APPEAL AS MOOT**

_____

The United States of America ("the Government") and Defendant-Appellant Alex Nain Saab Moran ("Saab") respectfully submit this joint response to this Court's February 7, 2024 order requesting the parties' positions on what impact Saab's grant of clemency and resulting release from custody has on this appeal. As set forth more fully below, the fact that Saab has been granted a full pardon for the offenses at issue in this appeal has mooted the question presented by this appeal—whether the indictment should be dismissed on the ground that Saab is entitled to diplomatic immunity from prosecution. Accordingly, the parties jointly request that the Court dismiss this appeal.

1

## FACTUAL BACKGROUND

### I. Initial Proceedings in the District Court

On July 25, 2019, a grand jury sitting in the Southern District of Florida returned an indictment charging Saab and a co-defendant with various money laundering offenses in connection with a scheme to launder bribe payments made to Venezuelan government officials. DE 1.[1] As relevant here, Saab was charged with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).[2]

On August 27, 2019, approximately one month after the indictment was returned, the district court entered an order transferring both defendants to "fugitive status" because neither had made an initial appearance before the district court. DE 5. On June 12, 2020, Saab was detained in the Republic of Cabo Verde, an archipelago nation west of continental Africa, pursuant to an INTERPOL Red Notice requested by the United States. DE 46 at 2. The United States thereafter submitted a formal extradition request, which Saab opposed. *Id.* On July 31, 2020, a Cabo Verdean court approved of the extradition of Saab to the United States. Saab appealed that decision within the Cabo Verdean judicial system. *Id.*

---

[1] "DE" refers to the district court docket entries and, where appropriate, is followed by the relevant page number.

[2] The indictment also charged Saab with seven counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. However, pursuant to assurances made by the United States to the Republic of Cabo Verde during Saab's extradition process, on November 1, 2021, the Government filed a motion to dismiss those counts as to Saab. DE 63. The district court granted that motion the same day. DE 64.

On January 21, 2021, Saab, through counsel and without having made an initial appearance before the district court, filed a motion to vacate the district court's previous order conferring fugitive status on him and for leave to file a motion to dismiss the indictment. DE 10. Saab contested that he was a fugitive and asserted that the district court lacked subject-matter jurisdiction because he was purportedly entitled to absolute immunity from prosecution due to his status as a "special envoy" of Venezuela and that "the statutes at issue do not purport to reach [his] wholly extraterritorial conduct." DE 10 at 1-2, 8-9 (emphasis in original). Appended to Saab's motion was a proposed motion to dismiss the indictment on various grounds, among them that Saab was entitled to diplomatic immunity. DE 10-8. In response, the Government argued that the court should deny the motion and apply the long-established fugitive disentitlement doctrine, a discretionary tool repeatedly employed by the courts, *see, e.g.*, *Molinaro v. New Jersey*, 396 U.S. 365 (1970) (per curiam), to limit a fugitive's access to the courts when he is only willing to submit his case for adjudication to achieve a favorable outcome. DE 24 at 8-15, 20-21.

The district court denied Saab's motion to vacate the order conferring fugitive status and for leave to make a special appearance to challenge the indictment, concluding that Saab was "precluded from attacking his fugitive status and indictment until he is physically present in this jurisdiction." DE 46 at 5. The district court agreed with the Government that Saab was a fugitive under the doctrine of constructive flight. DE 46 at 3. The district court also rejected Saab's claim that the fugitive disentitlement

3

doctrine should not apply because Saab's "challenges to the indictment are 'fundamental,' particularly his forthcoming argument that the indictment should be dismissed because he is a diplomat of Venezuela entitled to immunity." DE 46 at 3, 5.

## II. Saab's First Appeal (No. 21-11083) and Extradition to the United States

Saab filed a timely notice of appeal. DE 47. While Saab's appeal was ongoing, the Cabo Verdean Supreme Court affirmed Saab's extradition order and, thereafter, the Cabo Verde Constitutional Court, that nation's court of last resort, issued a 194-page ruling denying Saab's constitutional appeal. Tribunal Constitucional [Constitutional Court], Decision No. 39/2021 (Aug. 30, 2021) (Cabo Verde), translation available at DE 153-2. On October 13, 2021, the Constitutional Court issued a certificate of final judgment. Three days later, after the Government had filed its answering brief in appeal no. 21-11083, Saab was extradited from Cabo Verde and arrived in the United States. Saab made his initial appearance in the United States District Court for the Southern District of Florida on October 18, 2021. DE 58. At his subsequent arraignment on November 15, 2021, Saab pleaded not guilty. DE 71.

After Saab's extradition, the Government moved to dismiss appeal no. 21-11083 on the grounds that Saab's extradition had rendered the merits of the district court's fugitive disentitlement ruling moot. *United States v. Saab Moran*, No. 21-11083, 2022 WL 1297807 at *3 n.2 (11th Cir. 2022). For his part, in his reply brief, Saab conceded that the fugitive disentitlement doctrine was "no longer implicated" in the appeal, but urged this Court to rule on Saab's underlying claim that he is a diplomat entitled to immunity.

4

This Court held that it had jurisdiction, agree[d] with the parties" that the fugitive disentitlement ruling was moot, "vacate[d] the district court's order addressing it," and remanded for further proceedings. *Id.* at *2 & n.1. The Court declined Saab's invitation to address the immunity claim in the first instance, because "the parties did not have the opportunity to fully develop the record" and "the district court did not have the opportunity to weigh the evidence" with respect to Saab's "claim that he is immune from prosecution because he is a foreign diplomat." *Id.* Accordingly, the Court remanded "the case to the district court to consider in the first instance whether Saab Moran is a foreign diplomat and immune from prosecution." *Id.*

### III.     Proceedings in the District Court on Remand

On remand, the parties extensively briefed the question of whether Saab enjoys immunity from prosecution, DE 147, 153, 157, and the district court held an evidentiary hearing in which it took evidence and testimony, including expert testimony, DE 178, 179. Thereafter, the district court concluded in a written order that, both as a matter of fact and a matter of law, Saab was not a diplomat, or otherwise entitled to any form of immunity from prosecution. DE 197.

### IV.     The Current Appeal and Grant of Clemency

Saab filed a timely notice of appeal from the district court's order denying his motion to dismiss the indictment on the grounds that he is entitled to diplomatic immunity from prosecution. DE 200. On June 13, 2023, a motions panel of this Court issued an order noting probable jurisdiction over this interlocutory appeal, although it

5

reserved for the merits panel the "final determination regarding jurisdiction." On December 20, 2023, after the parties had filed their principal briefs in this appeal, President Biden granted a full pardon to Saab for the offenses charged in the indictment then pending before the district court. The pardon was conditioned on a number of terms, among them that Saab depart from the United States, remain outside the United States, and "not commit any additional crime against the United States or in violation of the laws of the United States subsequent to the acceptance of [the] Pardon." A copy of the clemency warrant is attached as Exhibit A. After the issuance of the pardon, pursuant to an order of the district court, Saab was transferred from the custody of the Bureau of Prisons to the U.S. Marshals Service and subsequently returned to Venezuela.

## ARGUMENT

## THIS APPEAL SHOULD BE DISMISSED AS MOOT

Under Article III of the Constitution, the jurisdiction of the federal courts is limited to active "Cases" and "Controversies." U.S. Const. art. III, § 2; *see Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam). As this Court has explained, "[t]he doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar*, 273 F.3d at 1335 (quoting *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993); *see also Powell v. McCormack*, 395 U.S. 486, 496

6

(1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (citation omitted)).

Because "an actual controversy must be extant at all stages of review," *Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (1974), if events occur "subsequent to the filing of . . . an appeal [that] deprive the court of the ability to give [the appellant] meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336. Moreover, as this Court has recognized, because "mootness is a jurisdictional issue," it "must be resolved at the threshold." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000) (explaining that because mootness raises a "basic question of jurisdiction that cannot be waived and goes to the very heart of the 'case or controversy' requirement of Article III," "questions of mootness ought to be resolved first").

Saab's receipt of a Presidential pardon in this case has mooted this appeal. Because Saab has received a full pardon for the offenses set forth in the indictment, the Government cannot continue to prosecute Saab on the instant charges so long as Saab abides by the conditions of his pardon. As a result, once jurisdiction is returned to the district court, the Government is prepared to file a motion to dismiss the remaining count of the indictment. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (recognizing that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). And because the relief that Saab requested in this

7

appeal was that the district court be directed to dismiss the prosecution (Saab Br. 62)—the same relief already guaranteed by the pardon—this Court can no longer provide any "meaningful relief." *Ethredge*, 996 F.2d at 1175. The parties therefore agree that this appeal should be dismissed as moot. *See United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (en banc order) (dismissing appeal as moot in light of presidential commutation of defendant's sentence); *see also United States v. Esformes*, 60 F.4th 621, 632 (11th Cir. 2023) (agreeing with parties that a presidential "commutation of [the defendant's] prison sentence renders his appeal of that sentence moot"), *cert. denied*, No. 23-95, 2023 WL 8531890 (U.S. Dec. 11, 2023).

8

## CONCLUSION

For the foregoing reasons, the parties request that this Court dismiss Saab's appeal as moot.

          Respectfully submitted,

          */s/ Jeremy R. Sanders*
          JEREMY R. SANDERS
          Appellate Counsel
          Fraud Section, Criminal Division
          U.S. Department of Justice
          1400 New York Avenue, N.W.
          Washington, DC 20005
          (202) 616-2650
          jeremy.sanders@usdoj.gov

*Counsel for the United States*

*/s/ David Boris Rivkin* (with permission)
David Boris Rivkin
Baker & Hostetler, LLP
1050 Connecticut Ave NW Suite 1100
Washington, DC 20036
(202) 861-1731
drivkin@bakerlaw.com

*Counsel for the Defendant-Appellant Alex Nain Saab Moran*

February 20, 2024

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that the foregoing Joint Response to Court Order and Incorporated Joint Motion to Dismiss was this day served upon counsel for Defendant-Appellant Alex Nain Saab Moran, by notice of electronic filing with the Eleventh Circuit CM/ECF system.

DATED: February 20, 2024

                                           */s/ Jeremy R. Sanders*
                                           JEREMY R. SANDERS
                                           Appellate Counsel
                                           Fraud Section, Criminal Division
                                           U.S. Department of Justice
                                           1400 New York Avenue, N.W.
                                           Washington, DC 20005
                                           (202) 616-2650
                                           jeremy.sanders@usdoj.gov

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,934 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Garamond, a proportionally spaced typeface, using Microsoft Word for Office 365.

DATED: February 20, 2024

                                          */s/ Jeremy R. Sanders*
                                          JEREMY R. SANDERS
                                          Appellate Counsel
                                          Fraud Section, Criminal Division
                                          U.S. Department of Justice
                                          1400 New York Avenue, N.W.
                                          Washington, DC 20005
                                          (202) 616-2650
                                          jeremy.sanders@usdoj.gov